AYRES, Judge.
Claimant for unemployment compensation prosecutes this appeal from a judgment sustaining an administrative decision that she was disqualified to receive such benefits for the reason that she left her employment without good cause connected therewith.
The facts material to the questions presented for resolution may be briefly reviewed. After nine months’ employment with the Townhouse Motor Hotel, in Lafayette, as a pantry girl, making sandwiches and pies, at a weekly salary of $41.25, claimant left her employment on March 30, 1962, ostensibly because of her pregnancy. On October 16, 1962, she made claim for unemployment compensation. It was not a *407 policy of the employer to discharge employees because of their pregnancy.
At a hearing conducted by an appeals referee, claimant testified that she inquired of her employer how long she could work, in view of her condition. To this inquiry, she was informed that she could continue to work, but that she would be without insurance coverage. Claimant was given this information by her superior, her boss, who had employed her in the first instance. Her testimony is uncontradicted.
Some importance was apparently attached by the referee to the fact that plaintiff made no attempt to contact another superi- or, such as an official of the employer. The futility of such an endeavor was obvious to and recognized by the employee. She inquired of her superior by whom she was employed and under whom she worked. We attach no importance to her failure to contact officials of her employer whom she was not shown to know.
Plaintiff also testified that she was able and willing to work and, moreover, had made many efforts to secure employment without success; that she was living with an unemployed aunt who could and would care for her baby in her absence.
In determining that plaintiff was disqualified for the receipt of the benefits which she sought, the appeals referee found that “The claimant voluntarily left this employment without learning more about company policies, and without discussing the matter of insurance coverage under her condition with a higher official of the company. She also left approximately five months before the birth of her child, or without the advice of her doctor.”
The decision of the referee, based upon the aforesaid finding, was affirmed by the Board of Review. That part of the conclusion that claimant should have sought out a higher official of her employer to discuss insurance coverage has already been discussed. No further comment is deemed necessary.
That portion of the finding, however, that she left her employment without the advice of her doctor is not supported by the record. Claimant was not asked a single question relative to any advice she had been given by a physician. The basis of this finding, so far as the record goes, appears to be an unsworn, ex parte statement of November 5, 1962, of the interviewer with whom claimant apparently filed her claim six days prior thereto. This conclusion was, therefore, not predicated upon legal and competent evidence and, moreover, appears to be incorrect in view of a purported letter from Dr. J. Boring Montgomery of Lafayette, attached to claimant’s petition for a judicial review. The purport of this letter is that the doctor examined claimant on March 27, 1962, and found that certain conditions had developed because of claimant’s pregnancy which, in his opinion, warranted that she cease her employment. Accordingly, he advised claimant to stop working. She quit three days later.
We have no authority to receive in evidence or to consider the contents of this letter as evidence. No additional evidence may be received by even the trial court, but the court may order additional evidence to be taken before the Board of Review. LSA-R.S. 23:1634.
No point was made that, had claimant relinquished her employment because of her pregnancy on the advice of her physician, she would have been disqualified for the receipt of benefits provided by the statute. Therefore, it would appear to be a matter of material importance whether claimant actually left her employment on the advice of her physician. The existence or nonexistence of such fact should be established by legal and competent evidence.
Therefore, for the reasons set forth, the judgment appealed is annulled, avoided, reversed, and set aside; and this cause is hereby remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Loui *408 siana, for the reception of evidence with reference to whether claimant relinquished her employment because of her pregnancy on the advice of her physician, and for a new determination by the Board of Review of claimant’s eligibility on that basis for unemployment compensation.
Reversed and remanded.